# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

| | | |
|---|---|---|
| **OSCAR OLGUIN-GARCIA, individually**<br>**and on behalf of others similarly situated,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **CIVIL ACTION** |
| | ) | |
| **v.** | ) | **NO. _____** |
| | ) | |
| **S.J. MATRANGOS CONSTRUCTION, INC.,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## COMPLAINT

COMES NOW the Plaintiff Oscar Olguin-Garcia ("Plaintiff"), by and through undersigned counsel, and files this Complaint showing the Court as follows:

1.

Plaintiff brings this lawsuit, individually and on behalf of all others similarly situated, against Defendant S.J. Matrangos Construction, Inc. ("SJMC" or "Defendant") to recover overtime pay, liquidated damages, prejudgment interest, costs, and attorney's fees under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq. Plaintiff's consent to join this lawsuit is attached hereto as Appendix 1.

## Parties

2.

Plaintiff has worked for SJMC within this judicial district as a construction worker, including throughout the period beginning three years prior to the filing date of this Complaint and continuing through the present (Plaintiff's "relevant period").

3.

Plaintiff also bring this action as a collective action under 29 U.S.C. § 216(b) on behalf of SJMC's current and former construction workers who work or worked for SJMC during the relevant period (collectively, the "Similarly Situated Employees").

4.

SJMC is, and was at all times throughout the relevant period, engaged in the construction design and installation business, including but not limited to decking and porch construction design and installation.

5.

As reflected in the corporate filings contained on the Georgia Secretary of State's website, SJMC is a Georgia for-profit corporation and may be served with

process through its registered agent, Steve J. Matrangos, 3385 Valley Hill Rd., Kennesaw, GA 30152 (Cobb County), located within this judicial district.

## Jurisdiction and Venue

6.

Pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b), this Court has original jurisdiction over the claims set forth in this Complaint which arise under the FLSA.

7.

SJMC employed and employs Plaintiff (and employed and/or employs the Similarly Situated Employees) in this judicial district, is registered to transact business in the State of Georgia, and has registered with the Georgia Secretary of State's Office as its principal office address 4461 Bretton Court, Suite 300, Acworth, GA 30101 as reported in its 2012 annual registration with the Georgia Secretary of State.

8.

SJMC was, at all times relevant to Plaintiff's claims in this Complaint, an enterprise engaged in commerce or in the production of goods for commerce for purposes of the FLSA, having employees engaged in commerce or in the production of goods for commerce, and/or having employees handling, selling, or

otherwise working on goods or materials that have been moved in or produced for commerce by any person, and has (and had during the relevant period) annual gross revenues in excess of $500,000.

9.

Plaintiff is and was individually engaged in commerce and/or engaged in the production of goods for commerce on a regular and recurring basis during his employment with SJMC throughout the relevant period.

10.

The Similarly Situated Employees are and/or were individually engaged in commerce and/or engaged in the production of goods for commerce on a regular and recurring basis during their employment with SJMC throughout the relevant period.

11.

Plaintiff directly engaged in work involving or related to the movement of persons or things among the several States or between any State and any place outside thereof on a regular and recurring basis while working for SJMC, and/or by regularly using the instrumentalities of interstate commerce in his work.

12.

Plaintiff, and one or more of the Similarly Situated Employees, used materials produced out of state that moved in interstate commerce prior to their use on behalf of SJMC.

13.

The Similarly Situated Employees directly engaged in work involving or related to the movement of persons or things among the several States or between any State and any place outside thereof on a regular and recurring basis while working for SJMC, and/or by regularly using the instrumentalities of interstate commerce in their work.

14.

Plaintiff was an "employee" of SJMC as defined by the FLSA pursuant to 29 U.S.C. §§ 203(e) & 207(a).

15.

The Similarly Situated Employees were and/or are "employees" of SJMC as defined by the FLSA pursuant to 29 U.S.C. §§ 203(e) & 207(a).

16.

SJMC is an "employer" as defined by the FLSA.

## Facts Related To All Counts

### 17.

SJMC paid Plaintiff by an hourly rate per hour throughout the relevant period.

### 18.

SJMC paid the Similarly Situated Employees by an hourly rate per hour throughout the relevant period.

### 19.

Based on his job duties and hourly rate compensation, Plaintiff was an hourly paid employee who was not exempt from the minimum wage and overtime requirements of the FLSA.

### 20.

Based on their job duties and hourly rate compensation, the Similarly Situated Employees were and/or are hourly paid employees who were not exempt from the minimum wage and overtime requirements of the FLSA.

### 21.

On numerous occasions during the relevant period, SJMC suffered or permitted Plaintiff to work more than 40 hours in a work week without receiving

overtime compensation at the rate of time-and-a-half his properly calculated regular rate for hours worked over 40 under the FLSA -- i.e., his regular rate inclusive of hourly rate and all other compensation not otherwise excludable under 29 U.S.C. § 207(e) ("regular rate").

22.

On numerous occasions during the relevant period, SJMC suffered or permitted the Similarly Situated Employees to work more than 40 hours in a work week without receiving overtime compensation at the rate of time-and-a-half his properly calculated regular rate for hours worked over 40 under the FLSA -- i.e., his regular rate inclusive of hourly rate and all other compensation not otherwise excludable under 29 U.S.C. § 207(e) ("regular rate").

23.

As an illustrative but non-exhaustive example, from the beginning of the relevant period until approximately August, 2010, Plaintiff was paid an hourly rate of $13.00 hour, but when he worked over forty hours in a work week, he was paid at the rate of $14.50 per hour for all hours worked over forty in a work week.

24.

As another illustrative but non-exhaustive example, from approximately August, 2010 through approximately April 2012, Plaintiff was paid an hourly rate

of $14.00 hour, but when he worked over forty hours in a work week, he was paid at the rate of $15.50 per hour for all hours worked over forty in a work week.

25.

As yet another illustrative but non-exhaustive example, from approximately April 2012 through the present, when Plaintiff works over forty hours in a work week but less than 58 hours in a work week, he was/is paid at the rate of $14.00 per hour for the first 40 hours and $15.50 per hour for all hours worked over forty in the work week, but if Plaintiff works over 58 hours in a work week, he was/is paid $12.50 per hour for the first 40 hours and $18.75 per hour for all hours worked over forty in the work week in which he exceeds 58 hours worked.

26.

In or about the week including April 20, 2012, SJMC's office manager provided Plaintiff with the document attached hereto as Exhibit 1 regarding his compensation arrangement for the 58.48 hours he worked in the preceding work week.

27.

Under Plaintiff's current compensation agreement with SJMC as of the date of this Complaint, if Plaintiff works less than 40 hours in a work week, Plaintiff will be paid at $14.00 per hour worked in that work week.

28.

The Similarly Situated Employees were not paid at the rate of time and a half their regular rate for hours worked over forty in a work week on one or more occasions during the relevant period.

29.

Plaintiff complained to SJMC management during his employment that he was not receiving overtime pay at time and a half his regular rate of pay as required by the FLSA, but SJMC nonetheless failed to pay and has continued to fail to pay Plaintiff the overtime compensation required by the FLSA.

30.

Despite being aware that the maximum hours provisions of the FLSA applied to Plaintiff and the Similarly Situated Employees and required payment of overtime compensation to Plaintiff and the Similarly Situated Employees at time-and-a-half their respective regular rates for all hours worked over 40 in a work week, and despite having received Plaintiff's complaint within the relevant period regarding failure to pay overtime compensation for hours worked, SJMC violated the FLSA by not paying Plaintiff and the Similarly Situated Employees overtime compensation at the rate of time-and-a-half their properly calculated regular rates for all hours worked over 40 in a work week, and by not paying liquidated

damages for overtime not timely paid in each paycheck for the applicable pay period.

31.

SJMC also made deductions from Plaintiff's paychecks (reflected on his pay stubs under the line item labeled "MISC") for the cost of tools and equipment that Plaintiff purchased using SJMC's credit cards for his use in order to perform services for SJMC, including but not limited to items such as tool belts, tape measures, and other construction tools and equipment that constitute deductions from Plaintiff's pay for expenses that are for the employer's benefit and must be paid by the employer under the FLSA.

32.

By way of illustrative but non-exhaustive examples of the practice set forth in the preceding paragraph, SJMC deducted $10.46 from Plaintiff's paycheck dated March 17, 2011 (reflected on his pay stub under the line item labeled "MISC") for the work week ending March 16, 2011 in which Plaintiff worked over forty hours, and deducted $10.57 from Plaintiff's paycheck dated December 9, 2010 for the work week ending December 8, 2010 in which Plaintiff worked over forty hours.

33.

Upon information and belief, SJMC may have failed to keep all records required by 29 U.S.C. § 211(c) regarding the wages, hours, and other conditions of employment of Plaintiff and/or the Similarly Situated Employees for the time period required by law.

## Count 1: FLSA

34.

Plaintiff incorporates herein the allegations contained in the preceding paragraphs.

35.

SJMC failed to pay Plaintiff and the Similarly Situated Employees the overtime compensation owed to them under, and pursuant to the calculations required by, the FLSA for all of their hours worked over forty in a work week during the relevant period.

36.

SJMC's violations of the FLSA as alleged herein were willful.

37.

Plaintiff and the Similarly Situated Employees who opt in to join this lawsuit are entitled to recover their back overtime pay at the rate of time-and-a-half their

respective regular rates for all hours worked over 40 in a work week, in addition to an equivalent amount as liquidated damages and prejudgment interest if liquidated damages are not awarded in full, in addition to their attorney's fees and costs, pursuant to 28 U.S.C. § 216(b).

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff requests that this Court:

1.      Award Plaintiff and the Similarly Situated Employees who opt in to join this lawsuit their back overtime pay at time-and-a-half their respective regular rates for all hours worked over 40 in a work week during the relevant period, and an equivalent amount as liquidated damages and prejudgment interest if liquidated damages are not awarded in full;

2.      Award Plaintiff and the Similarly Situated Employees who opt in to join this lawsuit their costs and attorney's fees; and

3.      Grant such further other and further relief as the Court finds just and proper in this action.

PLAINTIFF DEMANDS A TRIAL BY JURY.

Respectfully submitted this 13th day of July, 2012.


                        *s/ C. Andrew Head*
                        Georgia Bar No. 341472
                        Attorneys for Plaintiff
                        Fried & Bonder, LLC
                        White Provision, Ste. 305
                        1170 Howell Mill Rd, NW
                        Atlanta, Georgia 30318
                        (404) 995-8808
                        (404) 995-8899(facsimile)
                        Email: ahead@friedbonder.com