## SETTLEMENT AGREEMENT AND RELEASE OF CLAIMS

This Settlement Agreement and Release of Claims (the "Agreement") is made by S.J. Matrangos Construction, Inc. and its officers, employees, agents, directors, representatives, successors, assigns, and shareholders ("SJMC" or "Defendant") and Oscar Olguin-Garcia ("Olguin-Garcia" or "Plaintiff") from the case captioned *Oscar Olguin-Garcia v. S.J. Matrangos Construction, Inc.*, Case No. Case 1:12-cv-02453-WSD, filed in the United States District Court for the Northern District of Georgia (the "Litigation").

This Agreement is made as a compromise between the Plaintiff and Defendant (collectively, the "Parties") for the complete and final settlement of their claims, differences and causes of actions raised by the Plaintiff in the Litigation.

### RECITALS

WHEREAS, on July 13, 2012, pursuant to 29 U.S.C. §216(b) of the Fair Labor Standards Act of 1938 ("FLSA"), Plaintiff filed a Complaint against Defendant in the Litigation.

WHEREAS, Defendant filed an Answer denying the material allegations of Plaintiff's Complaint.

WHEREAS, on March 15, 2013, the Parties arrived at an agreement to settle all claims in the Litigation.

WHEREAS, Defendant denies, and continues to deny, the allegations in the Litigation and all liability and damages of any kind to anyone with respect to the alleged facts or causes of action asserted in the Litigation; nonetheless, without admitting or conceding any liability or damages, and to avoid the burden, expense and uncertainty of continuing the Litigation, the Parties have agreed to settle the Litigation on the terms and conditions set forth in this Agreement.

WHEREAS, the Parties recognize the outcome in the Litigation is uncertain and achieving a final result through litigation requires additional risk, discovery, time and expense.

WHEREAS, in order to determine how best to serve the interests of the Plaintiff and his counsel have investigated and evaluated the facts and law relating to the claims asserted in the Litigation; after balancing the benefits of settlement with the costs, risks, and delay of continued litigation, the Plaintiff and his counsel believe the settlement as provided in this Agreement is in the best interests of the Plaintiff and represents a fair, reasonable, and adequate resolution of the Litigation.

NOW THEREFORE, the Parties, intending to be legally bound, and in consideration of the mutual covenants and other good and valuable consideration set forth below, agree as follows:

# AGREEMENT

**A.** **Consideration:** In order to resolve the Plaintiff's FLSA claims, Defendant agrees to pay a total of $38,000.00 (collectively the "Settlement Payment"):

      (i)     $23,202.50 to Plaintiff as overtime wages and liquidated damages, and

      (ii)    $14,797.50 to Plaintiff's counsel for attorney's fees and costs.

**B.** **Settlement Payment and Taxes:**

      1.     One-half of the settlement amount to Plaintiff for overtime claims in Section (A)(i) (i.e., $11,601.25) shall be allocated to settlement of Plaintiff's claim for alleged unpaid overtime wages (the "W-2 payment"), and the remaining one-half of the settlement amount to Plaintiff for overtime claims in Section (A)(i) (i.e., $11,601.25) shall be allocated to settlement of Plaintiff's claim for alleged unpaid liquidated damages, which shall be paid separately without any deduction for any taxes or other withholdings, in non-employment income reported in Box #3 on IRS Form 1099-MISC (the "1099 payment"). The payments will be made as follows: (i) Plaintiff shall cash/deposit the $6,935.08 gross wage payment (check no. 15046) tendered by Defendant dated August 23, 2012, purportedly for overtime back wages, that Plaintiff's counsel has retained since receipt by Plaintiff without prior acceptance, as part of Defendant's W-2 payment; (ii) one-half of the remaining $16,267.42 due on the Settlement Payment shall be paid to Plaintiff within ten (10) days of the Court's order approving settlement as follows: (a) by a W-2 payment of the remaining gross amount of $4,666.17 owed on the W-2 payment, paid to Plaintiff in a separate check, subject to taxes or other withholdings, and (b) by a 1099 payment of $3,467.54; and (iii) the remaining amount due on the Settlement Payment ($8,133.71) shall be paid to Plaintiff within thirty (30) days of the payment made under the preceding subsection (i), in a separate check by a 1099 payment.

      2.     The payment to Plaintiff's counsel for attorney's fees and costs advanced in this litigation pursuant to Section (A)(ii) shall be paid to "Fried & Bonder, LLC" (hereinafter "Plaintiff's Counsel") in two equivalent separate checks without any deduction for any taxes or other withholdings (the "1099 fee payment") as follows: (i) one-half ($7,398.75) within ten (10) days of the Court's order approving settlement, and (ii) the remaining one-half ($7,398.75) within thirty (30) days of the payment made under the preceding subsection (i). The 1099 fee payment shall be processed by 1099 issued to Plaintiff's Counsel using a W-9 for Fried & Bonder, LLC, and reported in Box #14 on IRS Form 1099-MISC.

      3.     Defendant shall be solely responsible for determining, processing, and reporting the amount of tax withholding, if any, required from the W-2 payments made under this Agreement. Plaintiff is not relying on any information provided by Defendant concerning the tax consequences of payments made under this Agreement.

      4.     Plaintiff agrees and acknowledges that he assumes full responsibility for and the payment of any and all federal, state, and local taxes or contributions which may hereafter be

imposed or required under any federal or state tax laws with respect to the 1099 payments provided by Defendant pursuant to the terms of this Agreement.

     5.    Payment by the dates specified in Subsections 1 and 2 above shall be made by delivery of payment to Plaintiff's Counsel's office by the date provided in this Agreement.

**C.**    **Court Approval:** The Parties will submit to the Court a joint motion for entry of stipulated judgment approving the terms of this Agreement, attaching this Agreement as an exhibit thereto. The Parties will cooperate and take all necessary steps to effectuate final judicial approval of this Agreement.

**D.**    **Mutual Releases:** In exchange for the payments set forth above, and other good and valuable consideration, the receipt of which is hereby acknowledged, Plaintiff hereby **RELEASES, REMISES AND FOREVER DISCHARGES** Defendant, its former and current trustees, officers, administrators, agents, attorneys, employees, personally and in their respective capacities, and any other person or entity representing or succeeding to any such person or entity, from any and all claims, demands, rights, charges, actions, interests, debts, liabilities, damages, costs, attorneys' fees and expenses, or causes of action of whatever type or nature, whether legal or equitable, whether known or unknown to him which he may now have against them, either individually, jointly, or severally, expressly limited to only his individual claims under the Fair Labor Standards Act for payment of hours worked up to the date of this Agreement, and it is expressly agreed that Plaintiff is not releasing any other claims in this Agreement, and that dismissal of the claims in the Litigation shall not have res judicata or collateral estoppel effect on any claims not expressly released in this Agreement.

    Defendant, its directors, officers, administrators, agents, subsidiaries, affiliates, and attorneys, hereby **RELEASE, REMISE AND FOREVER DISCHARGE** Plaintiff from any and all claims, demands, rights, charges, actions, interests, debts, liabilities, damages, costs, attorneys' fees and expenses, or causes of action of whatever type or nature, whether legal or equitable, whether known or unknown to them which they may now have against him, either individually, jointly, or severally, based upon acts or facts which have occurred from the beginning of time to the date of this Agreement, and especially from any and all claims, demands, or causes of action arising out of the Litigation.

**E.**    **No Admission of Liability:** The Parties agree and acknowledge this Agreement is the result of a compromise and shall not be construed as an admission of liability, responsibility, or wrongdoing by the Defendant. The Defendant denies any liability, responsibility, or wrongdoing as alleged in the Litigation.

**F.**    **Dismissal:** Within three business days of the Defendant's delivery of the final Settlement Payment, the Parties will take the steps necessary to dismiss the Litigation with prejudice, by stipulation containing and reciting the agreement regarding res judicata and collateral estoppel as set forth in Section D above.

**G.**    **Severability of Provisions:** The provisions of this Agreement shall not be deemed severable. If this Agreement is not approved by the Court in whole, the Parties agree they will

attempt, in good faith, to revise this Agreement and resubmit this Agreement for approval by the Court.

**H.    Knowing and Voluntary Waiver:** The Parties acknowledge and agree they had sufficient time to consider this Agreement and consult with legal counsel of their choosing concerning its meaning. When entering into this Agreement, the Parties have not relied on any representations or warranties made by the Parties, other than representations and warranties expressly set forth in this Agreement.

**I.    Continuing Jurisdiction:** Nothing in this Agreement is intended to limit the Court's authority to retain continuing and exclusive jurisdiction over the Parties to this Agreement, for the purpose of the administration and enforcement of this Agreement.

**J.    Dispute Resolution:** The Parties intend for any disputes regarding this Agreement to be heard only by the Court, unless the Court disavows jurisdiction.

**K.    Choice of Law:** The enforcement of this Agreement shall be governed and interpreted by, and under, the laws of the State of Georgia regardless of whether any party is, or may hereafter be, a resident of another state.

**L.    Extension of Time:** The Parties may, subject to Court approval, agree upon a reasonable extension of time for deadlines and dates reflected in this Agreement, without further notice.

**M.    Amendments/Modifications:** No waiver, modification, or amendment of the terms of this Agreement, whether purportedly made before or after the Court's approval of this Agreement, shall be valid or binding unless in writing, signed by or on behalf of all of the Parties, and then only to the extent set forth in such written waiver, modification or amendment, subject to any required Court approval.

**N.    Binding Agreement:** This Agreement shall be binding upon, and inure to the benefit of, the Parties and their affiliates, beneficiaries, heirs, executors, administrators, successors, and assigns.

**O.    No Third-Party Beneficiaries:** This Agreement shall not be construed to create rights in, grant remedies to, or delegate any duty, obligation or undertaking established herein to, any third party as a beneficiary of this Agreement.

**P.    References and Anti-Retaliation:** Defendant is aware of the anti-retaliation provisions of Section 215 of the Fair Labor Standards Act and agrees to comply.

**Q.    Entire Agreement:** This Agreement constitutes the entire agreement of the Parties concerning the subjects included herein. This Agreement may not be changed or altered, except in writing, signed by all Parties and approved by the Court.

**R.     Captions:** The captions or headings of the sections and paragraphs of this Agreement have been inserted for convenience only, and shall have no effect on the construction or interpretation of any part of this Agreement.

**S.     When Agreement Becomes Effective; Counterparts:** This Agreement shall become effective upon its execution. The Parties may execute this Agreement in counterparts, and execution in counterparts shall have the same force and effect as if the Parties had signed the same instrument.

**T.     Facsimile Signatures:** Execution by facsimile shall be deemed effective as if executed in original.

**U.     Corporate Signatories:** Each person executing this Agreement, including execution on behalf of Defendant, warrants and represents that such person has the authority to do so.


S.J. MATRANGOS CONSTRUCTION, INC.


Oscar Olguin-Garcia                          By: Steven J. Matrangos, CEO

Date: 4-26-13                                Date: 4-30-13


REVIEWED AND APPROVED AS TO FORM BY COUNSEL:


C. Andrew Head, counsel for Plaintiff        Christopher F. Butler, counsel for Defendant

Date: 4/29/13                                Date: 5-2-13